IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jonathan Wayne-Payson Macomber, Ehab Yahia Zahran, and on behalf of those similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| State Transport Police, | ) ) |
| Defendant. | ) ) |

C.A. No. 7:21-cv-02799-DCC

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 27. Plaintiffs filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 34, 36. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted in part, and the remainder of the action is remanded.

## **BACKGROUND**

This case arises from citations issued to Plaintiffs by law enforcement employed by Defendant. ECF No. 1-1 at 3. Defendant is, in part, responsible for inspecting commercial vehicles for weight restrictions and maintenance issues and issuing citations for driving violations. *Id.* at 4. On May 8, 2019, law enforcement employed by Defendant issued a citation to Plaintiff Ehab Yahia Zahran ("Plaintiff Zahran") for texting. ECF No. 27-1 at 2.[1] On June 11, 2020, law enforcement employed by Defendant issued a citation

---

[1] With respect to certain facts contained in the Background section, the Court cites to Defendant's Motion for Summary Judgment. *See* ECF Nos. 27, 27-1. The Court is unable to locate the facts elsewhere in the record. Further, the facts relied on from

to Plaintiff Jonathan Macomber ("Plaintiff Macomber") for a controlled lane violation. *Id.* The citation issued to Plaintiff Zahran was handwritten by law enforcement under a previous citation system whereas the citation issued to Plaintiff Macomber was issued using "SmartCOP" technology, the current citation system. *Id.* The citation includes a description of how the fine is to be paid. ECF No. 1-1 at 4. If the fine is paid within 28 calendar days of issuance of the citation, $100.00 is remitted to Defendant. ECF No. 27-2 at 10. If the fine is paid after 28 calendar days of issuance of the citation, an additional $132.50 is imposed as court costs, with the total remittance to the trial court amounting to $232.50.[2] ECF Nos. 27-1 at 2; 27-2 at 14–15. Citations under both the old system and "SmartCOP" technology system contain identical language with respect to the effect of payment of funds on a defendant's right to have a trial, either a trial before a judge or, if requested in writing, a trial before a jury. ECF Nos. 27-1 at 5; 27-3 at 4. A citation issued under the old system states, in part, that:

> The posting of bond for your assigned trial date in no way affects your right to have a fair trial before the judge or, if you make a written request before your scheduled trial, by jury. However, if you have previously posted bond, and do not appear on the trial date, your bond may be forfeited unless the judge has agreed to have your case heard at another time.

---

Defendant's Motion for Summary Judgment are undisputed. The Court will rely on these facts only when necessary.

[2] In Defendant's Motion for Summary Judgment, Defendant contends that "[i]f a party is found guilty, the court sends [Defendant] $100.00 and the disposition of the remaining $132.50 is the business of the court." ECF No. 27-1 at 4. Plaintiffs do not dispute this recitation.

ECF No. 27-3 at 4.  Plaintiffs requested jury trials and, as of the time the Motion for Summary Judgment was filed, are awaiting trial.  ECF No. 27-1 at 4.  On August 3, 2021, Plaintiffs filed a Complaint in the Court of Common Pleas for the Seventh Judicial Circuit asserting claims for denial of constitutional right of jury trial and unjust enrichment.  ECF No. 1-1 at 8–10.  On August 30, 2021, Defendant removed the present case and filed an Answer.  ECF Nos. 1, 3.  Defendant filed a Motion for Summary Judgment on March 30, 2023.  ECF No. 27.  On May 11, 2023, Plaintiffs filed a Response in Opposition, and on May 16, 2023, Defendant filed a Reply.  ECF Nos. 34, 36.  Accordingly, this matter is ripe for review.

## APPLICABLE LAW

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56(a) states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

### I. Denial of Constitutional Right to a Jury Trial

Defendant contends that it is entitled to summary judgment on Plaintiffs' claim for denial of constitutional right to a jury trial. ECF No. 27-1 at 4. Defendant contends that under both the old citation system and "SmartCOP" technology citation system, individuals who receive citations "are clearly advised that they maintain the right to a trial by jury, whether their fine is paid or not." *Id.* at 5. Defendant contends that if an individual who pays $100.00 within 28 days is acquitted of the offense at trial, the individual receives a refund of the fine. *Id.*

In contrast, Plaintiffs contend that Defendant acted with an intent to chill Plaintiffs' right to a jury trial or to plead not guilty. ECF No. 34 at 3. Plaintiffs rely, in part, on Plaintiff Macomber's deposition testimony in which he stated that the state trooper who issued the citation informed him that he could "pa[y] the hundred dollars . . . right then and there, and then . . . or the other option was to go to court and fight it if you want and pay the full amount." *Id.* at 4; ECF No. 34-1 at 4. Plaintiffs also contend that Defendant's Training Manual, which states that "[t]he individual receiving a size and weight or DPS safety violation citation has the option to elect to pay the fine directly to DPS within 28 days, or to receive a hearing in Magistrate's Court[,]" sets out a policy contrary to the position taken by Defendant in its Motion for Summary Judgment and thus creates a genuine issue of material fact. ECF Nos. 34 at 7–8; 34-8 at 3. Plaintiffs argue that Defendant's treatment of the lower fine amount supports an inference that it "is intended to be a fine

5

ending the charge made against one who has been issued a citation[.]" ECF No. 34 at 9. Specifically, when an individual pays a fine within 28 calendar days, Defendant places the remittance directly into its operating account for Defendant's use and daily operations. *Id.* at 10–11. Lastly, Plaintiffs contend that the citation issued by Defendant is different than the citation used by other law enforcement in Summary Courts in South Carolina. *Id.* at 11. Plaintiffs rely on a Spartanburg Magistrate Court employee's deposition testimony in which the employee explained that a 2-point speeding citation carries a fine of $77.00 irrespective of whether an individual pleads guilty or not guilty. *Id.*

Having reviewed the applicable law and arguments and submissions of the parties, Defendant's Motion for Summary Judgment is granted as to Plaintiffs' claim for denial of constitutional right to a jury trial. Article I, Section 14 of the South Carolina Constitution provides that:

> The right of trial by jury shall be preserved inviolate. Any person charged with an offense shall enjoy the right to a speedy and public trial by an impartial jury; to be fully informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to be fully heard in his defense by himself or by his counsel or by both.

*Id.* The Fifth Amendment to the United States Constitution states that no person "shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law[.]" *Id.* The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial" and "to be confronted with the witnesses against him[.]" *Id.* In assessing the chilling effect on constitutional rights, "[t]he question is not whether the chilling effect is 'incidental' rather than intentional; the question is whether that effect

6

is unnecessary and therefore excessive." *United States v. Jackson*, 390 U.S. 570, 582 (1968).

Here, Plaintiff has not established that Defendant's citation system chills Plaintiffs' constitutional right to a jury trial. Plaintiffs contend that a genuine issue of material fact exists to deny summary judgment because Defendant's policy as stated in its Training Manual contradicts its arguments contained in the Motion for Summary Judgment. ECF No. 34 at 7–8. Likewise, Plaintiffs argue that a discrepancy exists regarding how law enforcement employed by Defendant communicated payment of the respective citations to them. *See* ECF Nos. 34-1 at 4; 34-3 at 4. In his deposition testimony, Plaintiff Macomber stated that:

> He explained to me that I could plead guilty and pay the hundred dollars, and then the ticket would be taken care of, meaning I didn't go to trial or anything. I wasn't proven guilty or anything. I just paid the hundred dollars . . . right then and there, and then . . . or the other option was to go to court and fight it if you want and pay the full amount.

ECF No. 34-1 at 4. In contrast, in his deposition testimony, in response to the statement "So you said that you can pay the $100, but you can still show up to court and challenge it and, potentially, win and get your $100 back[,]" Sergeant Jason H. Smoak stated "Absolutely." ECF No. 34-3 at 4.

However, the printed language contained in the citations under both citation systems unambiguously informs individuals that they are entitled to a right to a jury trial regardless of any official statement. When Defendant issues a citation, an individual may either pay the fine associated with the citation within 28 calendar days and remit $100.00 to Defendant or pay the fine outside 28 calendar days and remit $232.50 to the trial court. ECF Nos. 27-1 at 2; 27-2 at 14–15. Regardless of the amount, written citations under

7

both the old citation system and "SmartCOP" technology system clearly indicate that the payment of funds in no way affects an individual's right to have a trial. *See* ECF Nos. 27-1 at 5; 27-3 at 4 (stating that "[t]he posting of bond before your assigned trial date in no way affects your right to have a fair trial before the judge or, if you make a written request before your scheduled trial, by jury").

The issue before the Court is whether Defendant's 2-tiered fine system impermissibly burdens an individual's right to a jury trial. *See Ludwig v. Massachusetts*, 427 U.S. 618, 627 (1976). Here, Plaintiffs have not shown that there is any limitation on an accused's right to request a jury trial. In addition, although fines paid within 28 calendar days may be remitted into Defendant's operating account and the Defendant's citation system may differ from that used by other law enforcement, the language of the citations issued under both systems clearly indicates to the alleged offender that the payment of funds in no way affects that individual's right to a jury trial. If an individual who pays within 28 days is found not guilty, the individual will receive a refund of the $100.00 remitted.[3] ECF Nos. 27-1 at 4; 27-2 at 14. Accordingly, as Plaintiffs have failed to demonstrate that there is a genuine issue of material fact, Defendant's Motion for

---

[3] The Court notes that it struggles to find any rational basis for Defendant's convoluted, and potentially confusing, payment scheme. If prior to the scheduled court date, the $100.00 payment is in the nature of a "bond" as stated on the face of the citation, why is it deposited immediately in Defendant's general account for operational expenses? If the additional $132.50 required after 28 days is "court costs," why are no court costs charged for a trial, requested by a defendant who pays before that date? Would not the costs of the court proceeding be the same regardless? The Court is concerned that there is a method to the madness of this payment scheme in that it allows Defendant to use "bond" funds as general revenue for a period of time regardless of whether the individual who is issued the citation is convicted, acquitted or forfeits "bond." Nevertheless, for the reasons stated above, the undersigned finds that Plaintiff has not established that Defendant's citation system chills Plaintiffs' constitutional right to a jury trial.

Summary Judgment is granted.

## II.     Unjust Enrichment

Here, the Court has determined that summary judgment is appropriate with respect to Plaintiffs' federal cause of action. Thus, only a state law claim—unjust enrichment—remains.  28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citation omitted) (holding that the district court did not abuse its discretion in declining to retain jurisdiction over the state law claims).  In determining whether to retain jurisdiction, courts consider the "convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Id.* (citations omitted).  Here, there are no issues of federal policy underlying the remaining state law claim.  Further, comity favors remand since the remaining claim is a quintessential state law question.  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claim.  As this Court no longer has subject matter jurisdiction over this action, the Court sua sponte remands this action to state court.  *See, e.g.*, *Fleeman v. Toyota Motor Sales, U.S.A., Inc.*, 288 F. Supp. 2d 726, 727 (S.D.W. Va. 2003); *McMahan v. Jones*, C.A. No. 1:21-CV-10, 2021 WL 932031, at *1 (W.D.N.C. Mar. 11, 2021); *Reaves v. Dickens*, C.A. No. 4:22-CV-0639-TLW-TER, 2023 WL 2395630, at *5 (D.S.C. Jan. 27, 2023), *report adopted*, 2023 WL 2134711 (D.S.C. Feb. 21, 2023); *Pritchett v. Fed.*

*Emergency Mgmt. Agency*, C.A. No. 14-02996, 2014 WL 5797788, at *2–3 (D. Md. Nov. 6, 2014); *Hecht v. United Jewish Fed'n of Tidewater, Inc.*, C.A. No. 2:18-CV-542, 2019 WL 237394, at *4 (E.D. Va. Jan. 16, 2019).[4]

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment [27] is **GRANTED in part** as to Plaintiffs' constitutional claim.  The Court declines to exercise supplemental jurisdiction over Plaintiffs' claim for unjust enrichment.  This action is **REMANDED** to the Court of Common Pleas for the Seventh Judicial Circuit.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 21, 2024
Spartanburg, South Carolina

---

[4] The Court notes that the parties are not diverse pursuant to 28 U.S.C. § 1332.